UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DESSIE LEE OGLESBY,

    Plaintiff,

v.                                          CASE NO. 3:22-cv-154-MMH-JBT

WASTE PRO OF FLORIDA, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Parties' Joint Brief in Support of Approval of Offer of Judgment ("Motion") (Doc. 25). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, and that final judgment be entered in Plaintiff's favor against Defendant in the amount of $500.00.[1]

    **I.**    **Background**

Plaintiff filed the instant action seeking unpaid "off-the-clock" wages and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). (Doc. 1.) According to the Complaint, Plaintiff was employed by Defendant as a waste disposal driver within the period at issue. (*Id.* at 2, 4–6.)

---

[1] Plaintiff intends to move for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 7.01 once judgment is entered. (Doc. 25 at 7.)

Plaintiff alleged that Defendant failed to keep adequate payroll records and failed to pay him time and one-half of his regular rate of pay for hours worked in excess of 40 hours per week. (*Id.* at 2, 6–10.) Specifically, Plaintiff alleged that he was required "to perform necessary and integral work for Defendant while not clocked in, or otherwise off-the clock," in excess of 40 hours per week, resulting in "overtime compensation to which he is entitled, but has not been paid . . . ." (*Id.* at 7, 11.)[2] Defendant served Plaintiff with an offer of judgment pursuant to Federal Rule of Civil Procedure 68 in the amount of $500.00, exclusive of fees and costs, which Plaintiff accepted. (Docs. 20, 20-1 & 21.) The Motion requests that the Court enter judgment pursuant to this offer and acceptance. (*See* Doc. 25 at 7.)

## II.    Standard

Preliminarily, the undersigned recommends that "a Rule 68 offer of judgment is an acceptable method of resolving a case brought pursuant to the FLSA." *Mackenzie v. Kindred Hospitals E., L.L.C.*, 276 F. Supp. 2d 1211, 1216 (M.D. Fla. 2003) (citing *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212 (11th Cir. 1997). However, that does not relieve the Court of its duty to make the fairness finding required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982). *See, e.g., Doherty v. Good Shepherd Day School of Charlotte Cty., Inc.*, No. 2:18-cv-638-FtM-UA-UAM, 2019 WL 2177857, at *2 (M.D. Fla. May

---

[2] Plaintiff alleged he was required to "perform his thirty (30) minute pre-route vehicle inspection off-the-clock each and every day" and on occasion "attend pre-shift safety meetings which lasted approximately thirty (30) minutes." (*Id.* at 8.)

2

3, 2019), *report and recommendation adopted* 2019 WL 2173798 (M.D. Fla. May 20, 2019).

>Regarding such finding, section 216(b) of the FLSA provides in part:
>
>>Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . .  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores,* 679 F.2d at 1353.  Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.  In short, the settlement must represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.  In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated

3

adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[3]

In *Bonetti v. Embarq Management Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other cases from this district have indicated that when attorneys' fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King*

---

[3] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a). The undersigned finds persuasive the unpublished decision cited herein.

4

*v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).[4]

### III.   Analysis

The parties synopsize their dispute as follows:

> 2.    [Plaintiff] contends that [Defendant], had an illegal policy of not paying for all hours worked especially with regard to pre-shift and post-shift inspections. [Plaintiff] claims he was required to conduct his vehicle inspections while off the clock prior to the beginning of his shifts or after he clocked out for the day at the end of his shifts. Plaintiff has calculated the unpaid wages related to off-the-clock work to be approximately $1,025.73, not including liquidated damages, fees, and costs.
>
> . . .
>
> 5.    Defendant dispute[s] Plaintiff's entitlement to any recovery given the fact that his claims primarily accrued in 2018, meaning if Defendant prevailed on either of its statute of limitations or good faith defenses, Plaintiff would be entitled to significantly nothing. Additionally, Defendant argue[s] that [Plaintiff] never worked off the clock and never made Defendant aware of the off-the-clock work since [Plaintiff] certified his pay records each week and never once raised the issue. Additionally, Defendant argue[s] that it paid Plaintiff correctly and that no additional overtime premiums [are] due and owing to Plaintiff.

(Doc. 25 at 2–3.)

The undersigned recommends that the issues of whether Plaintiff actually worked off the clock and whether he ever raised that issue to Defendant are bona

---

[4] Because fees and costs will be pursued separately, and there appears to be no present agreement thereon, the Court need not be concerned that Plaintiff's recovery is being adversely affected by the fees amount.

5

fide factual disputes. The statute of limitations and good faith defenses are also bona fide issues that are actually in dispute.[5]  See 29 U.S.C. § 255 (providing for a two-year statute of limitations, or three years if arising out of a willful violation); 29 U.S.C. § 260 (providing that the court may award no liquidated damages if the employer acted with reasonable grounds and in good faith). With the proposed $500.00 settlement, Plaintiff will receive approximately half of his claimed unpaid wages. Thus, the undersigned recommends that the $500.00 settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's* Food, 679 F.2d at 1354.

Therefore, it is respectfully **RECOMMENDED** that:

1.  The Motion (**Doc. 25**) be **GRANTED**.

2.  The Clerk of Court be directed to enter final judgment in favor of Plaintiff, Dessie Lee Oglesby, and against Defendant, Waste Pro of Florida, Inc., in the amount of $500.00.

## Notice to Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may

---

[5] Plaintiff did not opt in as a plaintiff in the *Wright* action until February 11, 2021. *See Wright, etc., et al. v. Waste Pro USA, Inc., et al.,* No. 0:19-cv-62051-KMM (Doc. 165) (S.D. Fla. February 11, 2021); (Doc. 1 at 3.)

respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on August 18, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record